UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW K. STAINBACK )
5403 North 11th Road )
Arlington, Virginia 22205, )
 )
      *Plaintiff,* )
 )
 ) No.
 )
SECRETARY OF THE NAVY )
The Pentagon )
Washington, DC 20350, )
 )
      *Defendant.* )

COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action for review of a decision of the Secretary of the Navy disenrolling plaintiff from the United States Naval Academy ("the Academy") and discharging him from the Naval Service under 10 U.S.C. § 6962; to require the Navy to award him the academic degree to which he is entitled, in accordance with 10 U.S.C. § 6967; and to enjoin the recoupment of the costs of plaintiff's education at the Academy.

Jurisdiction

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 10 U.S.C. §§ 6962 and 6967.

Parties

3. Plaintiff resides at the address stated in the caption. Until he was disenrolled in 2004, he was a midshipman at the Academy.

4.  Defendant is Secretary of the Navy. He is the civilian head of the Department of the Navy, an agency within the meaning of the Administrative Procedure Act, 5 U.S.C. § 551.

### Facts

5.  Plaintiff entered the Academy in 2000. By the spring of 2004, he had completed all four years of coursework and, aside from three final examinations, had satisfied all of the requirements for graduation.

6.  In the Spring of 2003, plaintiff had been placed in an aptitude remediation program ("ARP") due to alleged shortcomings. His retention at the Academy was conditioned on successful completion of the ARP.

7.  Plaintiff successfully completed the ARP in January 2004.

8.  On April 27, 2004, less than one month before plaintiff's scheduled graduation and commissioning as an Ensign, the Academy's Academic Board voted, over his objection, that he "possessed insufficient aptitude to become a commissioned officer in the naval service."

9.  The Academic Board was initiated due to plaintiff's alleged "aptitude remediation failure."

10. The Academic Board was improperly composed because (a) the Dean of Admissions failed to serve as secretary of the Academic Board, and (b) the Senior Medical Officer failed to advise the Board concerning plaintiff's medical condition and record, as required by Academy Instruction ("USNAINST") 5420.24E, art. II, a binding regulation.

11. The Academic Board was never provided plaintiff's complete record, including documentation of his successful completion of the ARP and other documentation from his academic, aptitude, and medical records.

12. Plaintiff retained counsel to prepare for the Academic Board.

13. The Academy interfered with plaintiff's right to the assistance of counsel by refusing to permit his counsel (a) to meet with him before the hearing, and (b) to attend the hearing, both in violation of USNAINST 5420.24E, Article V (B)(2)(e).

14. On May 10, 2004, Vice Admiral Rodney P. Rempt, Superintendent of the Academy, prepared a report recommending plaintiff's disenrollment.

15. Before forwarding his report to defendant, Admiral Rempt provided plaintiff with notice and an opportunity to respond, as required by 10 U.S.C. § 6962 and USNAINST 5420.24E, art. I (C).

16. Plaintiff prepared substantial matters in response, challenging both the underlying Academic Board and Admiral Rempt's May 10, 2004 report. Plaintiff pointed out that, among other things, the Academy failed to present his complete record to the Board. He asked the Academy to set aside the findings of the Academic Board and reconvene a Board with a complete copy of his record.

17. The Academy denied this request without explanation.

18. Instead of forwarding his May 10, 2004 report and plaintiff's response to defendant, Admiral Rempt prepared a supplemental report dated

July 26, 2004 and attached a highly critical endorsement from his staff judge advocate ("SJA") which addressed plaintiff's response to the May 10, 2004 report and outlined new, adverse information against him.

19. Neither Admiral Rempt's July 26, 2004 supplemental report nor the SJA's endorsement were provided to plaintiff for comment. Instead, they were provided to defendant without plaintiff's knowledge.

20. The new adverse information—*i.e.*, Admiral Rempt's July 26, 2004 supplemental report and his SJA's endorsement—included false and misleading assertions. For example, the Academy asserted that information concerning plaintiff's remediation status was provided to and/or considered by the Academic Board—*when it was not*. Plaintiff's remediation officer prepared a report which detailed plaintiff's performance and found that he successfully completed the ARP. The Academy never provided a copy of that report to plaintiff prior to the Board and it was never mentioned during the course of the Board's proceedings. It was also not included in the record of those proceedings. The Academy never notified the remediation officer that an Academic Board had been convened. Indeed, the remediation officer was under the impression that plaintiff had graduated along with his classmates.

21. Not until after Admiral Rempt had submitted the new adverse information did plaintiff learn of its existence. His Academy sponsor, who had obtained a copy informally, gave him a copy.

4

22. Plaintiff promptly prepared a response to the new adverse information, which was mailed to defendant on August 17, 2004.

23. Unbeknownst to plaintiff, an Assistant Secretary of the Navy had already decided the case for the Secretary seven days earlier, on August 10, 2004.

24. The Assistant Secretary approved Admiral Rempt's recommendation that plaintiff be disenrolled.

25. The Assistant Secretary's decision was two sentences long and failed to address any of the facts and issues presented in plaintiff's response to Admiral Rempt's May 10, 2004 report and recommendation. It directed plaintiff to reimburse the United States over $122,000 in educational expenses.

26. The Assistant Secretary decided the matter without considering plaintiff's response to Admiral Rempt's additional adverse matters, in violation of 10 U.S.C. § 6962 and USNAINST 5420.24E, art. I (C).

27. Plaintiff was disenrolled from the Academy and discharged from the Naval Service effective August 10, 2004, but did not learn of this until mid-September 2004.

28. On October 11, 2004, plaintiff objected to the Assistant Secretary's disenrollment decision because it failed to (a) consider plaintiff's response to additional and adverse information and (b) address any of the

facts and issues presented in plaintiff's response to Admiral Rempt's May 10, 2004 report.

29. On October 19, 2004, the Assistant Secretary stated that he considered—albeit after the fact—plaintiff's response to the additional adverse information and reaffirmed the disenrollment decision, but he did so without addressing any of the facts and issues presented by plaintiff.

30. The Secretary of the Navy has final authority to disenroll midshipmen from the Academy and the Naval Service. 10 U.S.C. § 6962.

### Cause of Action

31. The averments of ¶¶ 1-30 are incorporated herein by reference.

32. The Secretary's decision to disenroll plaintiff is contrary to law, arbitrary and capricious, and an abuse of discretion because:

   a. the Academic Board failed to consider plaintiff's complete record when it recommended his disenrollment, in violation of an Academy regulation (USNAINST 5420.24E, art. IV) and contrary to Admiral Rempt's May 10, 2004 report;

   b. plaintiff was denied a prior opportunity to review and respond to Admiral Rempt's July 26, 2004 supplemental memorandum to defendant and the SJA's July 14, 2004 endorsement to plaintiff's written statements, in violation of 10 U.S.C. § 6962 and USNAINST 5420.24E, art. I (C);

    c. the Secretary reached his decision without first considering plaintiff's response to Admiral Rempt's additional adverse matters;

    d. the Secretary failed to confront the issues and evidence that plaintiff presented to him;

    e. the Academy excluded plaintiff's counsel from the Academic Board hearing, in violation of USNAINST 5420.24E, art. V (B)(2)(e);

    f. the Academy prevented the Dean of Admissions from serving as secretary of the Academic Board and the Senior Medical Officer failed to advise the Academic Board, both in violation of USNAINST 5420.24E, art. II.

33. Because the Secretary's decision to disenroll plaintiff from the academy and discharge him from the Naval Service is contrary to law, arbitrary and capricious, and an abuse of discretion, his effort to recoup the costs of plaintiff's education at the Academy is also invalid.

### Prayer

WHEREFORE, having no adequate remedy at law, plaintiff prays that the Court–

    a. set aside his disenrollment;

b. remand the case with instructions to reinstate him as a midshipman and cause his record to be properly evaluated by an Academic Board in accordance with 10 U.S.C. § 6962 and USNAINST 5420;

c. direct defendant to allow him to complete his final examinations so that he may receive the academic degree to which he is entitled in accordance with 10 U.S.C. § 6967;

d. direct defendant to end any and all actions to recoup any educational expenses from him;

e. award him his costs and reasonable attorneys fees incurred in this action; and

f. grant such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

*Eugene P. Fidell*

*Of counsel:*

Charlotte E. Cluverius

Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
Tel (202) 466-8960
Fax (202) 293-8103

*Attorneys for Plaintiff*

May 8, 2006

*Please serve:*

Hon. Kenneth L. Wainstein, United States Attorney for the District of
    Columbia (attn: Civil Process Clerk)
Hon. Alberto R. Gonzales, Attorney General of the United States
Hon. Donald C. Winter, Secretary of the Navy