## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MATTHEW K. STAINBACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0856 (RBW)** |
| | ) | |
| **SECRETARY OF THE NAVY,** | ) | |
| **DONALD C. WINTER** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant, the Honorable Donald C. Winter, Secretary of the Navy, hereby answers the specifically-numbered paragraphs and prayer for relief set forth in Plaintiff's Complaint for Injunctive Relief as follows:

1. This is plaintiff's characterization of this action and description of the relief requested in this action, to which no response is required. To the extent that a response is deemed required, defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

2. Admit that the Court has jurisdiction over the subject matter.

3. Admit that Plaintiff was a midshipman at the United States Naval Academy and disenrolled in 2004. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

4. Admit.

5. Admit that Plaintiff entered the United States Naval Academy in 2000; otherwise, the allegations in this paragraph are denied.

6. Admit that in the spring of 2003, Plaintiff was placed in an aptitude remediation

program ("ARP"); otherwise, the allegations in this paragraph are denied.

7.  Deny.

8. Admit  that an academic board was convened on April 27, 2004 which voted that Plaintiff possessed insufficient aptitude to become a commissioned officer in the naval service. Defendant does not have sufficient information to admit or deny that this was "over [plaintiff's] objection," and therefore denies.

9. Admit.

10. These allegations are conclusions of law, not averments of fact.  To the extent an answer may be deemed required, denied.

11. Deny.

12. Defendant is without sufficient information to admit or deny this paragraph, and therefore denies.

13. These allegations are conclusions of law, not averments of fact.  To the extent an answer may be deemed required, denied.

14. Admit.

15. Admit.

16. Admit, with the exception of plaintiff's use of the term "substantial," in that the term substantial is vague, ambiguous and subject to multiple interpretations.

17. Admit only that Admiral Rempt did not grant any of Plaintiff's requests for relief; otherwise, the allegations in the paragraph are denied.

18. Admit only that Admiral Rempt prepared a final report dated July 26, 2004, which attached a memorandum from his staff judge advocate, and further respond that the report and

memorandum are the best evidence of their contents.

19. Deny that Admiral Rempt's July 26, 2004 letter was not provided to Plaintiff.

20. To the extent that the first sentence of this paragraph contains conclusions of law, not averments of fact, no response is required.  To the extent an answer is required, admit that VADM Rempt prepared a report July 26, 2004 which attached his SJA's endorsement.  For the second sentence, admit that the January 26, 2004 report concerning Plaintiff's remediation status was not provided to and/or considered by the Academic Board.  For the third sentence, admit that Plaintiff's remediation officer prepared a report which detailed Plaintiff's performance and opined that he successfully completed the ARP.  Defendant is without sufficient information to admit or deny the allegation in the fourth sentence.  For the fifth sentence, admit that a copy of the January 26, 2004 report was not included in the record of the April 27, 2004 Academic Board proceedings.  Defendant is without sufficient information to admit or deny the allegations in the sixth and seventh sentences and therefore denies.

21. Defendant is without sufficient information to admit or deny the allegations in this paragraph, and therefore denies.

22. Admit that Plaintiff prepared a response dated August 17, 2004; otherwise, defendant does not have sufficient information to admit or deny, and therefore denies.

23. Admit that the Assistant Secretary of the Navy for Manpower and Reserve Affairs ("ASN (M&RA)") issued a decision on August 10, 2004, but is without sufficient information to admit or deny the remaining allegations in this paragraph.

24. Admit.

25. Admit that ASN (M&RA)'s August 10, 2004 decision was two sentences long and

that it directed Plaintiff to reimburse the United States $122,055.67; defendant further responds by stating that the document is the best evidence of its contents.

26. To the extent that this paragraph contains conclusion of law, not averments of fact, no response is required.  Admit that the Assistant Secretary's decision came before plaintiff's response; otherwise, the allegations in this paragraph are denied.

27. Admit that Plaintiff was disenrolled from the United States Naval Academy effective August 10, 2004.  Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

28. Admit that plaintiff submitted a letter dated October 11, 2004; defendant further responds by stating that the October 11, 2004 letter is the best evidence of its contents.

29. Admit that ASN (M&RA)'s October 19, 2004 decision stated that he considered Plaintiff's August 17, 2004 letter and reaffirmed the disenrollment decision; defendant further responds by stating that the October 19, 2004 letter is the best evidence of its contents.

30.  This allegation is a conclusion of law to which no response is required, and refers the Court to the full text of 10 U.S.C. § 6962 as the best evidence of its contents.

31. Defendant hereby incorporated his responses to paragraphs 1-30 as if fully set forth herein.

32. These allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, defendant denies the allegations in this paragraph and subparagraphs a-f.

33. These allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, defendant denies the allegations in this paragraph

4

Prayer.  Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

Defendant denies each and every allegation of the Complaint not expressly admitted in this Answer.  Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the complaint become known to it through the course of the litigation.

WHEREFORE, Defendant prays that after all proceedings are completed that the complaint filed herein be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7157

Of Counsel:
Lieutenant Commander Heidi K. Hupp
Navy Litigation Attorney
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000
Washington Navy Yard, D.C.  20374-5066