UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW K. STAINBACK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06cv00856 (RBW) |
| | ) | |
| DONALD C. WINTER | ) | |
| SECRETARY OF THE NAVY, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Walton |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION TO COMPLETE
ADMINSTRATIVE RECORD OR REMAND

The Administrative Record (A.R.) defendant filed on September 27, 2006 is incomplete because it does not include a transcript of the on-the-record administrative proceeding underlying this case.

*Statement of Facts and Procedural Posture*

Plaintiff entered the United States Naval Academy (the Naval Academy) in 2000 as a freshman midshipman. A.R. 3. By the Spring of 2004, he had completed all four years of coursework and, aside from several examinations, had satisfied all of the requirements for graduation. A.R. 355, 416.

In 2003, plaintiff had been placed in an aptitude remediation program and assigned a Midshipman Aptitude Mentor to help address alleged shortcomings. A.R. 2. His retention at the Academy was conditioned on successful completion of the remediation program. *Id.*

Plaintiff successfully completed the remediation program in January 2004. A.R. 362-64.[1] Three months later, however, the Academic Board was initiated due to plaintiff's alleged "aptitude remediation failure." A.R. 2-3.

On April 27, 2004, a month before graduation and commissioning, the Academic Board voted unanimously that he "possessed insufficient aptitude to become a commissioned officer in the naval service" and recommended to the Superintendent that he be disenrolled. A.R. 221-25.

The Academy was required by its own regulation to "record all open sessions of the Board while midshipmen are present" and "[r]etain the recording for five years." USNAINST 5420.24E, art. II(A)(2)(b); A.R. 473. The Board was conducted April 27, 2004, two and one-half years ago. A.R. 221-25.

Plaintiff repeatedly objected to disenrollment, A.R. 271-98, 306-41, 355-56, 361-64, 384-85, 387-414, 416-17, 419, 428-30, 440-43, and, as early as October 11, 2004, expressly indicated that he would seek judicial relief if necessary. A.R. 442. As a result, the Naval Academy and Secretary of the Navy have had ample notice of the need to preserve the records of this administrative proceeding.

On May 8, 2006, plaintiff filed his Complaint for Injunctive Review in this Court.

---

[1] The three-page report documenting plaintiff's "successful completion of the Aptitude Remediation Program," A.R. 362-64, was never provided to the Board. Moreover, the Academy never provided plaintiff with a copy of the report prior to the Board. It was not until several months later that he even became aware of the report's existence. A.R. 361. It was informally provided to plaintiff's counsel. *Id.* It is also significant that his Aptitude Mentor was completely unaware, until well after the fact (July 7, 2004), that the Academy had convened an Aptitude Board and voted to separate plaintiff. A.R. 429.

2

On September 12, 2006, the staff judge advocate at the Academy designated materials as "the administrative file of the U.S. Naval Academy Academic Board records in the case of former Midshipman First Class Matthew K. Stainback" and counsel for defendant filed it with the Court on September 27, 2006. Those materials, however, do not include either a recording or a transcript of the Academic Board hearing.

On or about October 23, 2006, we asked counsel for defendant to ascertain whether the Academy recorded the hearing and retained the recording, as required by the Naval Academy's own regulation.

On November 2, 2006, he advised us that the Academy had yet to locate the recordings. That same day we asked him to let us "know as soon as possible whether the Academy recorded the hearing and retained copies in accordance with USNAINST 5420.24E, art. II(A)(2)(b)." Ex. 1. We also stated that: (1) if the Academy made and retained a recording, the Administrative Record should be supplemented with a certified verbatim transcript; or (2) if it did not have the recording, the case should be remanded for a new Academic Board. *Id.*

On November 9, 2006, counsel for defendant advised that the Academy has yet to locate the recording of the hearing and told us to assume that it was not recorded. He also indicated that he would try to have a definitive response by November 17, 2006. He disagreed, however, that a remand was required. Ex. 2.

*Argument*

Judicial review of agency action requires the Court to review the "whole record or those parts of it cited by a party." 5 U.S.C. § 706; *Boswell Memorial*

3

*Hospital v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("[t]o review less than the full administrative record might allow a party to withhold evidence unfavorable to its case") (citing 5 U.S.C. § 706); *see also Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (court erred when it reviewed agency action based on partial record).

Here, the "whole record" is clearly meant to include a transcript of the Academic Board proceedings. Indeed, the Academy's own regulation requires it to "record all open sessions of the Board while midshipmen are present" and "[r]etain the recording for five years." USNAINST 5420.24E, art. II(A)(2)(b); A.R. 473. The material filed with the Court is incomplete on its face because it does not include a transcript of the administrative hearing. *Service v. Dulles*, 354 U.S. 363 (1957) (agency must comply with its own regulations even if those regulations go beyond what statutes may require); *Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987) ("It is well settled that an agency, even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion").

The Academic Board is a typical on-the-record hearing. USNAINST 5420.24E, art. II(A)(2)(b). The respondent (here, plaintiff) has the right to examine any records that the Commandant provides to the Board. *Id.* art. V(B)(2)(b). He also has the right to be present for the presentation of oral testimony or other information during any open session of the Board. *Id.* art. V(B)(2)(c). The Board is prohibited from adding information to the record or considering information outside the record. *Id.* art. V(A)(1)(c). A transcript of the hearing would reflect: (1) any

4

witness testimony or other oral presentation of facts; (2) any documents or materials introduced during an open session; and (3) the procedures employed by the Board.

Without a transcript of the Board's open session, the material before the Court omits a substantial part of the record. The only materials currently before the Court, which were also before the Board, are the ones the Commandant compiled and presented to the Board prior to the open session. A.R. 2-103, 104-205. Those materials, however, paint a lop-sided picture of plaintiff and omit several material documents. Indeed, one of plaintiff's claims is that the Commandant failed to provide the Board with his complete record. The Academy is required by its own regulation to provide the Board with plaintiff's complete record. USNAINST 5420.24E, arts. IV(B)(2) & V(A)(1)(b), A.R. 477-78; *see also* A.R. 375 at ¶ 3 (Superintendent's May 10, 2004 memorandum to defendant acknowledging requirement for Board to consider the "*complete midshipman record*" before recommending disenrollment). In other words, not only does this Court have a partial record, the Board itself had only a partial record as well. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951) (judicial review must take into account not only evidence that tends to support the agency's decision, but that which cuts in the other direction).

Plaintiff is entitled to review the complete administrative record to formulate his claims and challenge defendant's action. *Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287, 292 (D.C. Cir. 1975). He is prejudiced by the absence of

the hearing transcript because it interferes with his ability to do so and, in particular, to demonstrate that: (1) the Academy interfered with his right to counsel and excluded his counsel from the Academic Board hearing, in violation of USNAINST 5420.24E, art. V(B)(2)(e); (2) the Academy prevented the Dean of Admissions from serving as the secretary of the Academic Board; (3) the Senior Medical Officer failed to advise the Academic Board of plaintiff's medical condition, in violation of USNAINST 5420.24E, art. II; (4) the Academic Board did not review, much less have before it, plaintiff's complete record when it recommended his disenrollment, in violation of USNAINST 5420.24E, art. IV and contrary to Admiral Rempt's May 10, 2004 memorandum to defendant. A.R. 375 at ¶ 3.[2]

Without the transcript, it is impossible to determine if other parts of the administrative record—*e.g.*, material presented during the open session of the hearing—has been withheld. The absence of the transcript also reflects adversely on the integrity of the administrative process, especially given the Academy's clear requirement to record the hearing and retain the recording for five years. Finally, it undermines the prospect of meaningful judicial review. Without the complete record, the Court cannot make an informed judgment as to plaintiff's claims or the

---

[2] In particular, the record before the Board, A.R. 2-103, 104-205, did not include: (1) an award plaintiff received while at the Academy, A.R. 279; (2) a midshipman company achievement certificate, A.R. 281; (3) his medical record; (4) a three-page report documenting his successful completion of the Aptitude Remediation Program, A.R. 362-64; and (5) a highly favorable letter from his sponsor to the Academic Board, A.R. 295-96. The omission of these documents not only prevented the Board from conducting the requisite "complete record review" and "whole-person evaluation," but it prejudiced plaintiff by making his record before the Board appear substantially worse than it actually was.

administrative decision. Judicial review of agency action must take account of the whole record. *Universal Camera, supra,* 340 U.S. at 487-88.

If the Naval Academy has the recording of the Academic Board hearing, defendant should complete the record and submit a verbatim transcript. If the Naval Academy did not retain the recording, despite its clear and self-imposed obligation to do so, the Court should remand this action to the Naval Academy for a new Academic Board hearing. *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985) (remand is the proper course of action when administrative record is incomplete).

*Conclusion*

For the foregoing reasons, the Court should direct defendant to complete the administrative record with a transcript of the Academic Board hearing or, absent a transcript, remand the case to the Naval Academy to conduct a new Academic Board hearing.

Respectfully submitted,

*Of counsel:*

Charlotte E. Cluverius

Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., 2d Floor
Washington, DC 20036
(202) 466-8960 tel
(202) 293-8103 fax

*Attorneys for Plaintiff*

November 14, 2006

7