IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW K. STAINBACK, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SECRETARY OF THE NAVY, ) | Civil Action No. 1:06-cv-00856-RBW |
| DONALD C. WINTER ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPLETE ADMINISTRATIVE RECORD**

Defendant Donald C. Winter, through counsel, hereby files his opposition to Plaintiff's Motion to Complete Administrative Record.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In this Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA") matter, plaintiff Matthew Stainback challenges his disenrollment from the United States Naval Academy ("Academy") as arbitrary, capricious and an abuse of discretion. See Complaint ("Comp.") at ¶¶ 1, 32 (setting forth six assertions of arbitrary and capricious action by the Academy). He also challenges the Navy's effort to recoup the costs of his education at the Academy. See id. at ¶ 33. Defendant answered the Complaint in August 2006. See USDC PACER Dkt. 5.

The Navy filed the Certified Administrative Record on September 27, 2006. Id. at PACER Dkt. No. 11. By Motion of November 14, 2006, Stainback seeks supplementation of the Administrative Record. Specifically, he claims that the record as submitted is incomplete because it does not include a transcript of the proceedings before the Academy's Academic Board. Motion to Complete Administrative Record at 1, 4-7. The Academic Board voted unanimously that plaintiff

"possessed insufficient aptitude to become a commissioned officer in the naval service" and as a consequence recommended his disenrollment. Id. at 2 (quoting AR 221-25). For the reasons set forth below, the record is complete as submitted and plaintiff's motion should be denied.

## II.     ARGUMENT

In asserting that the submitted Administrative Record is incomplete, Stainback looks to United States Naval Instruction 5420.24E, art. II(A)(2)(b), which states that for Academic Board proceedings, the Academy shall (through an appointed Recorder) "record all open sessions of the Board while midshipmen are present in the Board room" and that those recordings shall be retained for a period of five years. AR 473; see Plaintiff's Motion to Complete at 4 (citing Service v. Dulles, 354 U.S. 363 (1957); Padula v. Webster, 822 F.2d 97, 100 (D.C. Cir. 1987)).

The policies and procedures cited by plaintiff are dated December 5, 1996. See AR 470. By Order of March 3, 2004, however, the Superintendent of the Academy approved a recommendation to no longer require the taping of Academic Board proceedings. The recommendation memorandum, dated February 9, 2004, explains that:

> In addition to the recording, the SJA [Staff Judge Advocate] always has an individual present whose primary task is to manually log the events and deliberations for use, if necessary, in the Academic Board minutes. In addition, an advisor from the Academic Center is present at all of the proceedings and records all Academic guidance given by the board. A newly created module on MIDS [Midshipman Information Database System] now allows for comments to be captured and recorded for future Board meetings. This module is password protected and available only to those who have been granted access.

Memorandum of February 9, 2004. (Exhibit A). Having determined that there is no legal requirement to tape Board sessions, the Executive Assistant to the Academic Dean and Provost recommended that "the Academic Board no longer require the open sessions to be taped and that all

instructions be captured and archived for future reference using MIDS." Id. Superintendent Rodney P. Rempt approved this instruction on March 3, 2004, with the comment, "[e]nsure MIDS records any board actions and/or guidance." Id.

The Navy conducted Stainback's Academic Board proceedings on April 27, 2004, after Vice Admiral Rempt's approval of the modification to the Academic Board proceedings. See Comp. at ¶ 8. Thus, the Academic Board proceedings were not taped, nor is the Administrative Record incomplete because no transcript is included. The MIDS info prepared for the April 2004 Academic Board may be found at AR 79-86, 102-03, 181-88, and 204-05.

The Navy acknowledges that the memorandum altering USNAINST 5420.24E should have been included in the Certified Administrative Record, and its omission was an oversight. As such, a supplemental certification declaration is included with this Motion, and the document has been assigned a Bates number of AR 485. See Exhibit A.

### III.    CONCLUSION

For these reasons, defendant respectfully submits that plaintiff's Motion to Complete should be denied. A proposed order is included with this opposition.

                                                                          Respectfully submitted,

                                                                          /s/
                                                  JEFFREY A. TAYLOR, D.C. Bar #498610
                                                  United States Attorney

                                                       /s/
                                                  RUDOLPH CONTRERAS, D.C. Bar #434122
                                                  Assistant United States Attorney

                                                 /s/
                                  PETER D. BLUMBERG, D.C. Bar # 463247
                                  Assistant United States Attorney
                                  United States Attorneys Office
                                  Judiciary Center Building
                                  555 4th Street, N.W., 10th Floor
                                  Washington, D.C. 20530
                                  (202) 514-7157

Dated: December 1, 2006


Of Counsel:
Lieutenant Commander Heidi K. Hupp
Navy Litigation Attorney
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000
Washington Navy Yard, D.C.  20374-5066