UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW K. STAINBACK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06cv00856 (RBW) |
| | ) | |
| DONALD C. WINTER | ) | |
| SECRETARY OF THE NAVY, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Walton |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO COMPLETE ADMINSTRATIVE
RECORD OR REMAND

*Introduction*

Plaintiff's pending motion turns on whether the Naval Academy's regulatory requirements to record all open sessions of Academic Boards and maintain the recording for five years was in force at the time of plaintiff's board.

*Argument*

1. Defendant claims (at 2) that the administrative record (A.R.) is complete even though it does not include a transcript of the proceedings of plaintiff's board because the Superintendent "approved a recommendation to no longer require the taping" several weeks earlier. This claim is without merit because the Superintendent never took the step required to effect a change in the governing instruction. That step was issuance of a Change Transmittal. Change Transmittals

are the Navy's standard machinery for making changes to service regulations and thereby affording affected individuals fair notice of those changes.

2. Article II(A)(2)(b) of Academy Instruction 5420.24E required the Academy to "record all open sessions of the Board while midshipmen are present" and to "[r]etain the recording for five years." A.R. 473. The Superintendent was asked to change this, and he approved the recommendation, but the Academy never followed through. As a review of the version of the Academy's instruction furnished to us by opposing counsel reveals, the instruction was simply never changed. *See* Ex. 1 (our request) (attached); Ex. 2 (opposing counsel's response) (attached).

3. The Superintendent's "recommendation memorandum" is not effective as a modification of the Academy's instruction. Under the Navy's binding instruction on how to modify an existing instruction, changes must be made by means of a "change transmittal." *See* Ex. 3 (Ch. 6 ¶ 1) (attached).[1] A "change transmittal," just like an entirely new basic directive, "must be promulgated formally." *Id.* at A-1, ¶ 1(d). That is, it must, among other things—

(1) use the identification symbol "CH" in the document's identification block (upper right side of the page) and describe itself as a "CHANGE TRANSMITTAL" in all capital letters in the designation line of the document (Ch. 6);

(2) specify the number of the change in sequential order (*e.g.*, CH-1, CH-2, and so on) (*id.*);

---

[1] These matters were previously governed by SECNAVINST 5215.1C. It is our understanding that the rule making and dissemination requirements set forth in the current regulation were also required under the old one. We have been unable to obtain the old one, and invite the Secretary to lodge a copy with the Court.

2

(3) specify the effective date of the change in the identification block (*id.*), and, most significantly,

(4) be distributed to "all addressees holding the basic directive" (*id.*) since they are the ones who have a "need to act" or "need to know." *Id.* A-1 ¶ 1f; *see also id.* ¶ 16-17.

4. The unmistakable purpose of these requirements—especially the last—is to provide notice of any change to all affected parties. The Academy never complied with these requirements, *see* A.R. 485, and as a result, the instruction furnished to us by the Navy and filed by us with the Court (Ex. 2)—including the recording and retention requirements—was in force at the time of plaintiff's board.[2]

5. The record supports our contention. Unlike the regulation reproduced at A.R. 469-84, Ex. 2 shows that the Academy has issued only two change transmittals to USNAINST 5420.24E, one on April 13, 1998 and another on December 7, 1999. Ex. 2.[3] Neither change had any impact on Article II(A)(2)(b)'s recording and retention requirements. The fact that the Academy issued these formal change

---

[2] The Academy's failure to comply with the Secretary's instruction was prejudicial. Plaintiff never received actual or constructive notice of any change in the Academy's instruction. With notice, he could have taken steps to protect and preserve the record. For example, he could have provided more of the information he presented to the Academic Board in writing, and he would have known that it was incumbent on him to retain copies. He could have asked that the proceedings be recorded or he could have brought a tape record or a private stenographer. As it stands, the A.R. does not include the important testimony of members of his chain of command, his own testimony, and the numerous statements and documents he submitted during the hearing.

[3] Both change transmittals are attached as the last several pages of Ex. 2. A duplicate of "CHANGE TRANSMITTAL 2" is included because it was furnished to us that way. *Id.*

transmittals demonstrates what the rule-amending process entails and confirms that the "recommendation memorandum" on which the Secretary relies is of no force or effect.

6. The Secretary's effort (at 2) to salvage the proceedings against plaintiff on the basis that the Academy was under no legal obligation to record Academic Boards in the first place is an act of desperation. Few rules of administrative law are as familiar or as well-settled as the one that an agency must comply with its own regulations even if it was not compelled to have the regulations at all. *Vitarelli v. Seaton*, 359 U.S. 535, 539 (1959); *Service v. Dulles*, 354 U.S. 363, 377 (1957); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-67 (1954). Absent an effective modification, the Academy was bound by its self-imposed duty to record and retain all open sessions of plaintiff's Board.[4]

*Conclusion*

For the foregoing reasons and those previously stated, the Court should remand the case to the Naval Academy with instructions to conduct a new Academic Board hearing.

An opportunity to present oral argument is respectfully requested.

---

[4] As an alternative argument, the Secretary suggests (at 2-3) that the recording requirement is unnecessary because the Midshipmen Information Database System (MIDS) captures the information from the Board. This is incorrect. That system captures digital entries made prior to and after any open session of the Board. It does not capture or record any testimony, written statements, or other evidence presented during any open session. There is no hearing record.

                                           Respectfully submitted,

                                           /s/ Matthew S. Freedus

*Of counsel:*                               Eugene R. Fidell (112003)
                                           Matthew S. Freedus (475887)
Charlotte E. Cluverius               Feldesman Tucker Leifer Fidell LLP
                                           2001 L Street, N.W., 2d Floor
                                           Washington, DC 20036
                                           (202) 466-8960 tel
                                           (202) 293-8103 fax

                                           *Attorneys for Plaintiff*

January 24, 2007