UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW K. STAINBACK )<br>  )<br>        Plaintiff, )<br>  )<br>v.    )<br>  )<br>DONALD C. WINTER, )<br>    SECRETARY OF THE NAVY )<br>  )<br>        Defendant. )<br>  ) | Civil Action No.  06-0856 (RBW) |

### DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY

Defendant Donald C. Winter, through the undersigned counsel, respectfully moves this Court for an Order granting leave for Defendant to file his surreply in the above-captioned matter.  The proposed surreply is attached to this motion.  Pursuant to Local Rule 7(m), counsel for Defendant contacted counsel for Plaintiff, who stated that he opposed the filing of a surreply.  In support of this motion, Defendant states as follows:

Plaintiff Matthew Stainback filed this Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA") case, challenging his disenrollment from the United States Naval Academy ("Academy") as arbitrary, capricious and an abuse of discretion.  See Complaint ("Comp.") at ¶¶ 1, 32, Document No. 5.  On September 27, 2006, Defendant filed the Certified Administrative Record, Document No. 11, and shortly thereafter, the Court entered an Order adopting the parties' proposed briefing schedule, Document No. 16.  However, on November 14, 2006, Plaintiff filed a "Motion to Complete Administrative Record or Remand," contending that the record as submitted is incomplete because it does not include a transcript of the proceedings before the Academy's Academic Board.  Motion to Complete Administrative Record at 1, 4-7, Document No. 17.

Defendant filed his opposition to Plaintiff's motion, asserting that by Order of March 3, 2004, the Superintendent of the Academy approved a recommendation to no longer require the taping of Academic Board proceedings.  See Memorandum of February 9, 2004, Exhibit A to Def. Opp., Document No. 19.  Defendant acknowledged that the memorandum altering USNAINST 5420.24E should have been included in the Certified Administrative Record, and accordingly, submitted the document and a supplemental certification declaration.  See id.  Subsequently, Plaintiff filed his reply, arguing that the Academy did not properly change United States Naval Instruction 5420.24E, art. II(A)(2)(b), and that because Plaintiff's Board proceedings should have been recorded, the entire case should be remanded for a new Academic Board hearing.  Pl. Reply, Document No. 23.  In order to have an opportunity to address the arguments in Plaintiff's Reply, Defendant hereby requests that the Court grant him leave to file the attached surreply.

Before filing a surreply, a party must request the Court's permission to do so and "must show that the reply filed by the moving party raised new arguments that were not included in the original motion."  Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001); see also Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration which was not included in the original motion).  Fundamental fairness demands that each party have an opportunity to address the other party's arguments.  Therefore, good cause exists for the Court to grant the instant motion.  Id.  Although Plaintiff's original motion previewed future arguments concerning the absent audio recordings of Plaintiff's Academic Board proceedings, Plaintiff's Reply makes essentially due process arguments concerning the methods by which Instruction 5420.24E was changed.  Because Defendant should be granted the opportunity to respond to Plaintiff's arguments

concerning the changed Instruction, Defendant respectfully requests that he be granted leave to file the attached surreply.

    WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant leave for the Defendant to file his surreply in the above-captioned matter.

Dated: March 20, 2007                          Respectfully submitted,

                                          /s/
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                          /s/
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

                                          /s/
                                          MEGAN L. ROSE, N.C. Bar # 28639
                                          Assistant United States Attorney
                                          555 4th St., N.W.
                                          Washington, D.C. 20530
                                          (202) 514-7220
                                          megan.rose@usdoj.gov