**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MATTHEW K. STAINBACK,      )
                                    )
        Plaintiff,        )
                                    )
v.                                    )
                                    )
SECRETARY OF THE NAVY,      )     Civil Action No. 1:06-cv-00856-RBW
DONALD C. WINTER         )
                                    )
        Defendant.      )

**DEFENDANT'S SURREPLY TO**
**PLAINTIFF'S MOTION TO COMPLETE ADMINISTRATIVE RECORD**

Defendant Donald C. Winter, through counsel, hereby files his surreply to Plaintiff's Motion to Complete Administrative Record.

Plaintiff Matthew Stainback filed this Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA") case, challenging his disenrollment from the United States Naval Academy ("Academy") as arbitrary, capricious and an abuse of discretion. See Complaint ("Comp.") at ¶¶ 1, 32, Document No. 5. On September 27, 2006, Defendant filed the Certified Administrative Record, Document No. 11, and shortly thereafter, the Court entered an Order adopting the parties' proposed briefing schedule, Document No. 16. However, on November 14, 2006, Plaintiff filed a "Motion to Complete Administrative Record or Remand," contending that the record as submitted is incomplete because it does not include a transcript of the proceedings before the Academy's Academic Board. Motion to Complete Administrative Record at 1, 4-7, Document No. 17.

Defendant filed his opposition to Plaintiff's motion, asserting that by Order of March 3, 2004, the Superintendent of the Academy approved a recommendation to no longer require the taping of Academic Board proceedings. See Memorandum of February 9, 2004, Exhibit A to Def. Opp.,

Document No. 19. Because the Navy conducted Plaintiff's Academic Board proceedings on April 27, 2004, <u>after</u> Vice Admiral Rempt's approval of the modification to the Academic Board proceedings, <u>see</u> Comp. at ¶ 8, the Academic Board proceedings were not taped, and the Administrative Record was complete as submitted. Subsequently, Plaintiff filed his reply, arguing that the Academy did not properly change United States Naval Instruction 5420.24E, art. II(A)(2)(b), which previously required the Academy to "record all open sessions of the Board while midshipmen are present in the Board room" and that those recordings shall be retained for a period of five years. AR 473; <u>see</u> Plaintiff's Motion to Complete at 4. Plaintiff's Reply asserts that because Plaintiff's Board proceedings should have been recorded, the entire case should be remanded for a new Academic Board hearing. Pl. Reply, Document No. 23.

None of the arguments presented in Plaintiff's reply support a remand of this case. The Academic Board voted unanimously that plaintiff "possessed insufficient aptitude to become a commissioned officer in the naval service" and as a consequence recommended his disenrollment. <u>Id</u>. at 2 (quoting AR 221-25). Plaintiff's contention in his reply that Defendant did not comply with the requirements for changing Instruction 5420.24E obfuscates the issues in this case.

Pursuant to 10 U.S.C. § 6951a, the Superintendent clearly has the authority to issue instructions for the governance of the Academy. The Navy's regulations further provide that "[r]esponsible officials of the Department of the Navy may issue . . . directives concerning matters over which they exercise command, control or supervision." Section 105, Chapter One, Statutory Authority for United States Navy Regulations, attached as Exhibit B. In accordance with this statutory and regulatory authority, the Navy's Instructions state that each responsible official should ensure "that his administrative issuances . . . are issued within or incorporated into the [Navy

Directives] system, to the maximum practical extent." Instruction 5215.1C, attached as Exhibit B.

In this case, the Superintendent of the Academy properly exercised his authority when on March 3, 2004, he signed and approved Instruction 5420.24E, which is not itself being challenged in this action. See 10 U.S.C. § 6951a; Exh. A, Def. Opp., Document No. 19. Although changes to Instructions ordinarily should be made via an administrative "Change Transmittal" process, they do not lose their authority when the Change Transmittal process is not followed. See Exh. B. The official responsible for chairing and following the procedures of an Academic Board proceeding, the Academic Dean, was aware of the change to the Instruction, and the Superintendent approved it. See Exh. A, Def. Opp., Document No. 19.

Contrary to Plaintiff's suggestion that he was prejudiced by not receiving notice of the change, there is no requirement that midshipmen be notified of changes to the Navy's Instructions. See Pl. Reply at 2-3, Document No. 23. In fact, regardless of whether Instruction 5420.24E was approved through the administrative Change Transmittal process, Academic Board Instructions are distributed to only those who have responsibilities related to the conduct of the Academic Board and those who are privy to the Superintendent's memorandums. See Distribution List for Instruction 5420.24E, attached as Exhibit C. Plaintiff holds no substantive right to be notified of changes to Instructions or of changes to Academic Board proceedings in general.

Finally, even assuming *arguendo* that the change to Instruction 5420.24E was incorrect and that the old Instruction requiring recording of Academic Board proceedings remained in effect for Plaintiff's Academic Board proceeding, the Administrative Record as submitted is nonetheless sufficient in this case. The written record includes MIDS information prepared for Plaintiff's April 2004 Academic Board proceeding. See AR 79-86, 102-03, 181-88, and 204-05. Based upon this

record, the Court may adequately conduct its limited review of the Academic Board's decision pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., and 10 U.S.C. §§ 6962, 6963. See, e.g., Homer v. Roche, 226 F. Supp. 2d 222, 226 (D.D.C. 2002)(in order to determine whether the Board based their decision on substantial evidence and whether the Board's decision was arbitrary, capricious, or otherwise contrary to law, the Court's inquiry must focus not on whether the Board was correct in its decision, but rather on whether the Board's explanation for its decision demonstrates that it permissibly exercised its discretion and made a choice that is supported by at least substantial evidence); LeBrun v. England, 212 F. Supp.2d 5, 14-18 (D.D.C. 2002)(finding no due process violation and upholding the Board's decision under an "unusually deferential application of the 'arbitrary and capricious' standard of the APA). C.f. Green v. Lehman, 744 F.2d 1049, 1053 (4th Cir. 1984)(stating that the Academic Board's opinion is not "subject to judicial review because the finding is purely an objective one which allows no room whatsoever for an exercise of discretion"). It is well established that "judicial review of decisions is limited to the administrative record compiled by the agency at the time of the decision except (1) where the agency has engaged in improper or bad faith behavior, or (2) where the record is so limited that it precludes effective judicial review." Le Brun, 212 F. Supp.2d at 19. Because Plaintiff has failed to make such a showing here, the Court should deny Plaintiff's Motion To Complete the Administrative Record or Remand.

## CONCLUSION

For the reasons stated above and in Defendant's Opposition, Defendant respectfully submits that Plaintiff's motion be denied.

-4-

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7220
megan.rose@usdoj.gov


Dated: March 20, 2007


Of Counsel:
Lieutenant Commander Heidi K. Hupp
Navy Litigation Attorney
Office of the Judge Advocate General
1322 Patterson Avenue, Bldg 33, Ste 3000
Washington Navy Yard, D.C.  20374-5066