UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW K. STAINBACK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:06cv00856 (RBW) |
| ) | |
| DONALD C. WINTER ) | |
| SECRETARY OF THE NAVY, ) | |
| ) | |
| *Defendant.* ) | Judge Walton |

PLAINTIFF'S OPPOSITION TO MOTION
FOR LEAVE TO FILE SURREPLY

*Introduction*

Defendant falls far short of the standard for granting leave to file a surreply.

*Argument*

1. It is settled law that "[a] surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) (Lamberth, J.). It is not an opportunity to address matters a party could have addressed in his or her opposition brief, but elected not to do so or otherwise failed to do so. *Id.* at 277. That a party "failed to put forth its best case in its opposition is not grounds for permitting a surreply." *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 144 (D.D.C. 2004) (Lamberth, J.).

The "new matters" must also be truly new. *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (Urbina, J.) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."). "A surreply is most appropriate where the new matter introduced is factual." *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (Lamberth, J.) (granting leave to file a surreply to respond to a new declaration). An instruction or regulation is not new matter so as to permit the filing of a surreply. *Pogue, supra*, at 277 ("Court doubts that the existence of statutory or case law can ever be 'new matter'").

2. The "arguments" on which defendant relies (at 2-3) as grounds for filing a surreply are neither "new arguments" nor "new matters." Instead, they are contentions plaintiff made in his original Motion to Complete the Administrative Record or Remand or ones defendant otherwise had ample opportunity to address in his opposition but chose not to do so.

Defendant's claim (at 2) that he never had a chance to respond to the contention in plaintiff's reply brief that "the Academy did not properly change the United States Naval Instruction 5420.24E, art. II(A)(2)(b)" is mistaken: *plaintiff's original motion* argued at length that the Academy was under a self-imposed obligation to record the hearing and retain copies of the recordings for five years. Pl. Memo. in Supp. at 3-7; Dkt No. 17. Necessarily implicit in that argument is the proposition that Art. II(A)(2)(b)'s recording and retention requirements existed at the time of plaintiff's hearing.

3. Defendant also claims (at 2-3) he never had a chance to address plaintiff's contention that defendant did not follow the procedure for changing an existing Naval Academy instruction. This is simply untrue, as the record demonstrates.

Defendant's own opposition, not plaintiff's reply, introduced the concern about those procedures. Def. Opp. at 2-3; Dkt No. 19. Claiming that the Superintendent "approved a recommendation to no longer require the taping," defendant's opposition tried to pass off the "recommendation memorandum" as if it were the standard document for effecting such a change. *Id.* at 2.

Before he filed his opposition, however, defendant knew that: (a) the Navy has its own instruction on how to make changes to an existing instruction; (b) changes are made by means of a Change Transmittal; (c) the Superintendent promulgated two such Change Transmittals with respect to the specific instruction at issue, USNAINST 5420.24E, prior to plaintiff's hearing; and (d) the Superintendent did *not* promulgate a Change Transmittal with respect to the regulation's recording and retention requirements.[1]

Therefore, when defendant simply asserted that the Superintendent "approved a recommendation to no longer require the taping," Def. Opp. at 2, he "took a litigation gamble," *Pogue, supra,* at 277, that plaintiff would not notice, much less question, the difference between a "recommendation memorandum"—an internal, unpublished document—and a Change Transmittal—a document

---

[1] Indeed, defendant has yet to do so.

3

promulgated in the same manner as an original directive. But defendant lost that gamble: we did notice, and called his hand. *Id.*

Defendant's opportunity to address the efficacy of the Academy's "recommendation memorandum" and the Navy's own procedures on how to effectively modify a regulation was in his opposition to the motion. His failure to do so is not grounds for permitting a surreply. *Baroid Corp., supra*, at 144.

4. In any event, an agency instruction is not new matter. *Pogue, supra*, at 277. This is especially true where, as here, the instruction was issued by the party seeking leave to file a surreply. The references in plaintiff's reply brief to the procedural requirements for making changes to an existing instruction are not new "due process arguments" defendant never had a chance to address. Indeed, it was defendant's opposition, not plaintiff's reply, that first introduced the issue of modifying an existing regulation.

*Conclusion*

For these reasons, the Court should deny defendant's motion for leave to file a surreply and strike the surreply and attachments thereto. If, however, the Court is for any reason disposed to grant the motion, plaintiff should be afforded an opportunity to respond on the merits to defendant's surreply.

                                        Respectfully submitted,

                                        /s/ Matthew S. Freedus

*Of counsel:*                              Eugene R. Fidell (112003)
                                          Matthew S. Freedus (475887)
Charlotte E. Cluverius            Feldesman Tucker Leifer Fidell LLP
                                          2001 L Street, N.W., 2d Floor
                                          Washington, DC 20036
                                          (202) 466-8960 tel
                                          (202) 293-8103 fax

                                          *Attorneys for Plaintiff*

March 23, 2007