UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW K. STAINBACK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:06cv00856 (RBW) |
| ) | |
| DONALD C. WINTER ) | |
| SECRETARY OF THE NAVY, ) | |
| ) | |
| *Defendant.* ) | Judge Walton |

PLAINTIFF'S MOTION FOR LEAVE TO FILE
RESPONSE TO DEFENDANT'S SURREPLY

Introduction

Plaintiff respectfully moves for leave to file a response to defendant's surreply. Counsel for defendant (Assistant United States Attorney Megan L. Rose) has advised us that defendant does not consent to this motion.

Argument

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002).

Defendant's surreply raises three new arguments and attaches new exhibits that were not included in his opposition to Plaintiff's Motion to Complete the Administrative Record or Remand.

First, defendant insists (at 3) that "changes to Instructions...do not lose their authority when the Change Transmittal process is not followed." In support of this claim, he introduced *for the first time* a portion of SECNAVINST 5215.1C that was in effect at the time of plaintiff's Naval Academy hearing. Def. Ex. B. The rest of the instruction, which defendant did not furnish to us until after he filed his surreply, contradicts his claim, as we explain in the response lodged herewith at pages 1-5.

Second, as an alternative argument, defendant claims (at 3) that the "Academic Board Instructions are distributed to only those who have responsibilities related to the conduct of the Academic Board and those who are privy to the Superintendent's memorandums" and that plaintiff had no right to be notified of any changes to USNAINST 5420.24E or the Board's procedures. In support of this argument, he attached another new exhibit to his surreply—*i.e.*, the "Standard Naval Academy Distribution Lists." Def. Ex. C.

Third, as yet another alternative argument, defendant claims (at 3-4) that even if the Naval Academy was required to record plaintiff's hearing, a remand is not warranted because the Administrative Record is sufficient for judicial review.

Plaintiff has not had an opportunity to respond to and point out the fatal flaws in these three claims.

## Conclusion

For the foregoing reasons, plaintiff respectfully seeks leave to respond to defendant's surreply. Plaintiff's proposed Response to Defendant's Surreply and a proposed Order are submitted herewith.

                                          Respectfully submitted,

                                          /s/ Matthew S. Freedus

*Of counsel:*                                Eugene R. Fidell (112003)
                                          Matthew S. Freedus (475887)
                                          Feldesman Tucker Leifer Fidell LLP
Charlotte E. Cluverius             2001 L Street, N.W., 2d Floor
                                        Washington, DC 20036
                                          (202) 466-8960 tel
                                          (202) 293-8103 fax

                                          *Attorneys for Plaintiff*

April 20, 2007