UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW K. STAINBACK,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Civil Action No. 1:06cv00856 (RBW)
                                     )
DONALD C. WINTER                     )
SECRETARY OF THE NAVY,               )
                                     )
            Defendant.               )   Judge Walton

PLAINTIFF'S RESPONSE TO DEFENDANT'S SURREPLY

*Argument*

I

Defendant concedes (at 3) that (a) Change Transmittals are the standard machinery for making changes to existing service regulations; (b) the Superintendent did not issue one with respect to USNAINST 5420.24E's longstanding recording and retention requirements; and (c) only a select few "who are privy to the Superintendent's memorandums" were given notice of the putative "recommendation memorandum" on which the Secretary now relies.

Despite these concessions, defendant insists (at 3) there is nothing wrong with amending a published instruction by way of an internal, unpublished memorandum. In particular, he claims that "changes to Instructions…do not lose their authority when the Change Transmittal process is not followed." He cites no authority for this

proposition. In fact, the Navy's own regulations and records squarely contradict him.

First, the Navy's binding instruction on the "standard procedures and formats used to promulgate policy, procedures, and information releases in the Department of the Navy," SECNAVINST 5215.1C, Part I, p. 1,[1] makes clear that a *published* Change Transmittal[2] is the only method for amending a *published* instruction. Nowhere does it authorize the use of an internal, *unpublished* memorandum as a means to do so. "An agency is bound by the regulations it promulgates and may not attempt to circumvent the amendment process through changes in interpretation [or unpublished memoranda] unsupported by the language of the regulation." *Fluor Constructors, Inc. v. Occupational Safety and Health Review*, 861 F.2d 936, 939-40 (6th Cir. 1988) (citing *United States v. Nixon*, 418 U.S. 683, 695-96 (1974)). Moreover, "[t]o allow a published regulation to be revoked by an internal, unpublished delegation or action would appear to violate the fundamental fairness requirements of notice to the public." *Nolan v. United States*, 44 Fed. Cl. 49, 59 (Cl. Ct. 1999); *see also Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987) ("an agency,

---

[1] This version was in effect at all relevant times of this case. Defendant attached only the first few pages of it as Def. Ex. B to his surreply. Thereafter, we requested and government counsel furnished us the entire instruction. A copy is attached hereto as Pl. Ex. 1.

[2] A "Change Transmittal" is "[t]he medium used to transmit changes to an instruction or, under extenuating circumstances, a notice. Each transmittal describes the nature of changes it transmits, and gives directions for making them." SECNAVINST 5215.1C, Part I, p. 1; Pl. Ex. 1.

2

even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion").

The unmistakable purpose of SECNAVINST 5215.1C is to provide all affected parties with notice of any changes to published instructions. Stated another way, it prohibits the creation or use of secret amendments to the substance of published regulations. It has long been recognized and accepted that "[s]ecret law is an abomination." Kenneth Culp Davis, *Administrative Law Treatise* 137 (Supp. 1970).

Second, defendant cites (at 2) § 0105 of the "Statutory Authority for United States Navy Regulations" for the proposition that the Superintendent has authority to issue directives concerning matters under his control. That point is not in dispute. Rather, the issue is whether the "recommendation memorandum" complies with the Navy's "standard procedures and formats" for effecting a change to a published instruction. SECNAVINST 5215.1C, Part I, p. 1. On that point, the "Statutory Authority for United States Navy Regulations" lends no support to his claim and, instead, reinforces SECNAVINST 5215.1C's notice and publication requirements. In particular, §§ 0107 and 1818 provide, respectively:

> Changes to Navy Regulations will be *numbered consecutively* and *issued as page changes*. Advance changes may be used when required; these will be numbered consecutively and incorporated in page changes at frequent intervals.

Def. Ex. B at § 0107, ¶ 2 (emphasis added).

> Such general orders, orders from higher authority and other matters which the commanding officer considers of interest to the personnel or profitable for them to know *shall be published* to the command as soon as practicable. Such matters *shall also be posted*, in whole or in part,

3

in a conspicuous place or places readily accessible to personnel of the command.

See http://neds.daps.dla.mil/US%20Navy%20Regulations/Chapter%208%20-%20 The%20Commanding%20Officer.pdf (last visited on April 15, 2007) (emphasis added); Pl. Ex. 2.[3]

Third, defendant's "Official Case File"[4] for USNAINST 5420.24 (series) reveals that, over the instruction's 30-year history, the only changes to it have been made by publication of either a Change Transmittal (*e.g.*, Change Transmittals 1 and 2 to the current version) or a complete revision (*i.e.*, revisions A through E). No change has ever been made by way of an internal, unpublished memorandum. Pl. Ex. 3. Indeed, the "Official Case File" includes a note to the Superintendent's Executive Assistant from the Dean of Admissions which plainly recognizes that the "change transmittal" is the operative and necessary document to make a change "effective." Pl. Ex. 3 at 129. It is worth noting that the Dean of Admissions, as *ex officio* "Secretary of the Academic Board," is responsible for appointing a recorder to, among other things, "record all open sessions of the Board while midshipmen are present" and "retain the recordings for 5 years." USNAINST 5420.24E, Art. II(A)(2)(b). The substance of the Dean's note reads as follows:

---

[3] Def. Ex. B is only an excerpt of the regulation. We therefore attached an excerpt of § 1818 as Pl. Ex. 2 and a link to the entire regulation.

[4] Defendant is required by SECNAVINST 5215.1C, Part II, ¶ 3(a), p.7, to maintain an "Official Case File" for the directives he issues. We requested a copy after defendant's response to our Motion to Complete the Administrative Record or Remand, and government counsel furnished it. We attached excerpts of the case file to our reply, but have attached the entire file, as provided to us, hereto as Pl. Ex. 3. For ease of reference we have marked it with Bates numbers.

4

> This is the change to the Instr. Governing Rules of Procedure for the Ac. Board that we discussed today. With the Superintendent's approval, I'll initiate a *change transmittal* to make this *effective.*
>
> Dean Davidson has no changes he wishes to make at this time to the Rules of Procedure.
>
> Recommend approval.

*Id.* (emphasis added)

## II

As an alternative argument, defendant claims (at 3) that "Academic Board Instructions are distributed to only those who have responsibilities related to the conduct of the Academic Board and those who are privy to the Superintendent's memorandums" and that plaintiff had no right to be notified of any changes to USNAINST 5420.24E or the Board's proceedings. This is simply incorrect and a transparent effort to excuse the lack of notice.

Every version of USNAINST 5420.24 and related Change Transmittal over the past 30-years has been distributed to literally *every* recipient on the Academy's standard distribution list except its "Laundry" facility. Def. Ex. C. We know this because (a) the notation "Distribution: AA" appears on the face of every version of USNAINST 5420.24 and Change Transmittal promulgated to date, Pl. Ex. 3 at 2, 18, 21-22, 51-52, 69, 71, 87, 103, 111, 117, 125, 145, 155, 164; and (b) the "Standard Naval Academy Distribution Lists" uses the designation "AA" to refer to every recipient on the list except "Laundry." Def. Ex. C.

It is clear from the face of the "AA" distribution list that it is designed to provide notice to all affected parties, especially midshipmen. For example, it

5

includes places like the Academic Center, Library, Midshipmen Recreational Facility, Midshipmen Counseling Center, Multimedia Support Center, Registrar, Academic Center, and Office of Legal Counsel. The Office of Legal Counsel, in particular, provides legal services to *midshipmen* and its "primary mission is to provide advice to midshipmen regarding their rights under the Administrative Conduct System, the Honor Concept, and *appearances before performance and academic boards*." http://www.jag.navy.mil/documents/USNA.htm (last visited April 19, 2007) (emphasis added).

The initial and continued publication of these rules and any changes thereto created a reasonable expectation that any further amendment or revocation of the same likewise would be published. Moreover, given that a midshipmen's entire academic and military career is at stake at an Academic Board, there is no doubt that he or she is entitled to have actual or constructive notice of the Board's rules and procedures and any changes thereto. Plaintiff was denied that notice by the Academy's failure to follow its own procedures for modifying the governing rules.

III

As a second alternative argument, defendant claims (at 3-4) that even if the Academy was required to record plaintiff's hearing, a remand is not warranted because the Administrative Record (A.R.) is sufficient for judicial review. This argument is self-contradictory as well as contrary to settled administrative law.

It is defendant's failure to record plaintiff's on-the-record hearing and retain the recording, as required, that resulted in a substantially incomplete record.

Judicial review of agency action requires the Court to review the "whole record or those parts of it cited by a party." 5 U.S.C. § 706; *Boswell Memorial Hospital v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("[t]o review less than the full administrative record might allow a party to withhold evidence unfavorable to its case") (citing 5 U.S.C. § 706); *see also Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (court erred when it reviewed agency action based on partial record).

The cases defendant cites (at 4), *Homer v. Roche*, 226 F. Supp. 2d 222, 226 (D.C.C. 2002), *LeBrun v. England*, 212 F. Supp. 2d 5 (D.D.C. 2002), and *Green v. Lehman*, 744 F.2d 1049 (4th Cir. 1984), are inapposite. None of them confront the issue of an incomplete administrative record—*i.e.*, one that is missing the entire on-the-record hearing.

Here, the "whole record" is clearly meant to include a transcript of the Academic Board proceedings. USNAINST 5420.24E, art. II(A)(2)(b); A.R. 473. Defendant does not dispute that a transcript of plaintiff's hearing would reflect: (1) any witness testimony or other oral presentation of facts; (2) any witness statements, documents or materials introduced during an open session; and (3) the procedures employed by the Board. The only materials currently before the Court, which were also before the Academic Board, are the ones the Commandant compiled and presented to the Board prior to the open session. A.R. 2-205. Those materials, however, paint a severely one-sided picture of plaintiff and omit material documents. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951) (judicial

7

review must take into account not only evidence that tends to support the agency's decision, but that which cuts in the other direction); *see also Thalasinos v. Harvey*, 2007 WL 901949 at *8-10 (D.D.C. Mar. 27, 2007) (Sullivan, J.) (remanding because "missing record of the Board proceedings," which plaintiff had repeatedly requested, prevented Court from reviewing agency action) (copy attached).

*Conclusion*

For the foregoing reasons and those previously stated, the Court should remand the case to the Naval Academy with instructions to conduct a new Academic Board hearing.

Respectfully submitted,

*[signature: Matthew S. Freedus]*

| | |
|---|---|
| *Of counsel:* | Eugene R. Fidell (112003) |
| | Matthew S. Freedus (475887) |
| Charlotte E. Cluverius | Feldesman Tucker Leifer Fidell LLP |
| | 2001 L Street, N.W., 2d Floor |
| | Washington, DC 20036 |
| | (202) 466-8960 tel |
| | (202) 293-8103 fax |

*Attorneys for Plaintiff*

April 20, 2007

8