# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---
|  |  |  |
|---|---|---|
| MATTHEW K. STAINBACK, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 06-856  (RBW) |
|  | ) | |
| SECRETARY OF THE NAVY, | ) | |
| DONALD C. WINTER | ) | |
|  | ) | |
| Defendant. | ) | |
---

## MEMORANDUM OPINION

On May 8, 2006, the plaintiff filed this action  under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2001), seeking judicial review of an administrative decision of the Secretary of the Navy[1] terminating the plaintiff's enrollment as a student at the United States Naval Academy ("the Academy") and discharging him from Naval service under 10 U.S.C. § 6962 (2001). Complaint ("Compl.") ¶ 1.  Currently before the Court is the plaintiff's Motion to Complete the Administrative Record,[2] and the Plaintiff's Motion to Dismiss ("Pl.'s Mot."), wherein the plaintiff requests that this Court order supplementation of the administrative record with the absent transcript of his administrative proceeding before the Academy's Academic Board ("Board" or "Academic

---

[1] The defendant is the Secretary of the Navy, the civilian in charge of the Department of the Navy, which is an agency defined by the Administrative Procedure Act, 5 U.S.C. § 551.  Complaint ¶ 4.

[2] The following documents were also submitted in connection with the plaintiff's motion to complete the administrative record: (1) Defendant's Opposition to Plaintiff's Motion to Complete Administrative Record ("Def.'s Opp'n"); (2) Plaintiff's Reply to Defendant's Opposition to Motion to Complete Administrative Record or Remand ("Pl.'s Reply"); (3) Defendant's Surreply to Plaintiff's Motion to Complete Administrative Record ("Def.'s Surreply"); and (4) Plaintiff's Response to Defendant's Surreply ("Pl.'s Response Surreply").

Board") when he was under review for separation from the Academy and the military due to an alleged academic deficiency, or alternatively for a remand to the Board for a new hearing if a transcript of the proceeding cannot be produced. Id. at 1, 4-7. For the reasons set for below, the plaintiff's motion must be denied.

## I. BACKGROUND

The plaintiff enrolled in the Academy in 2000. Compl. ¶ 5. In the Spring of 2003, the plaintiff was "placed in an aptitude remediation program ("ARP") due to alleged [academic] shortcomings." Id. ¶ 6. The plaintiff contends that "[h]is retention at the Academy was conditioned on his successful completion of the ARP." Id. An Academic Board was later initiated due to the plaintiff's alleged "aptitude remediation failure." Id. ¶ 9. "On April 27, 2004, less than one month before the plaintiff's scheduled graduation and commissioning as an Ensign, the Academy's Academic Board voted, over the plaintiff's objection, that he possessed insufficient aptitude to become a commissioned officer in the naval service." Id. ¶ 8 (internal quotation marks omitted). "On May 10, 2004, Vice Admiral Rodney P. Rempt, Superintendent of the Academy, prepared a report recommending the plaintiff's disenrollment" from the Academy. Id. ¶ 14. "Before forwarding his report to the defendant, Vice Admiral Rempt provided the plaintiff with notice and an opportunity to respond . . ." to the report. Id. ¶ 15. The plaintiff challenged "both the underlying Academic Board [decision] and Vice Admiral Rempt's May 10, 2004 report." Id. ¶ 16. The plaintiff noted, "among other things, [that] the Academy failed to present his complete record to the Board," id., and requested that the Academy "set aside the findings of the Academic Board and reconvene a Board with a complete copy of his record." Id. "The plaintiff's request was denied without [any] explanation. Id. ¶ 17. "The Assistant Secretary [of the Navy] approved "[Vice] Admiral Rempt's

recommendation that the plaintiff be disenrolled" from the Academy.  Id. ¶ 24.  Subsequently, the plaintiff was "disenrolled" from the Academy and discharged from the Navy effective August 10, 2004.  Id. ¶¶ 3, 30.

On May 8, 2006, the plaintiff filed this action under the APA, seeking judicial review of the administrative decisions of the Secretary of the Navy to terminate the plaintiff's enrollment with the Academy and discharge him from the Navy under 10 U.S.C. § 6962.  Compl. ¶ 1.  In the papers filed with the Court in connection with the motion now under consideration, the plaintiff asserts that "[t]he Administrative Record . . . [the] defendant filed on September 27, 2006 is incomplete because it does not include a transcript of the on-the-record administrative proceeding underlying this case."  Pl.'s Mot. at 1.  Specifically, the plaintiff asserts that "[t]he Academy was required by its own regulation to 'record all open sessions of the Board while midshipmen are present'" and "[r]etain the recordings for five years."  Pl.'s Reply, Exhibit ("Ex.") 2 (United States Naval Academy Instruction 5420.24E, Article II, Section A, Paragraph 2B) ("USNAINST 5420.24E, Article II(A)(2)(b)") at 3-4.  Further, the plaintiff alleges that "the Superintendent's 'recommendation memorandum' [to eliminate the recording requirement] is not effective as a modification to the Academy's instruction," Pl.'s Reply at 2, because he "never took the step required to effect a change in the governing instruction," id. at 1.  As a result, the plaintiff requests that this Court "direct [the] defendant to complete the administrative record with a transcript of the Academic Board hearing or, absent a transcript, remand the case to the Naval Academy to conduct a new Academic Board hearing."  Pl.'s Mot. at 7.  In opposition, the defendant responds that "the record is complete as submitted and [that the] plaintiff's motion should be denied" because "[b]y Order of March 3, 2004, the Superintendent of the Academy approved a recommendation to no longer require the taping of Academic Board

proceedings." Def.'s Opp'n at 2.  Further, the defendant asserts that the "[p]laintiff's contention in his reply that [the] [d]efendant did not comply with the requirements for changing [USNAINST] 5420.24E obfuscates the issues in this case" Def.'s Surreply at 2, as the Superintendent had authority to effect the change, the plaintiff was not prejudiced by it, id. at 3, and in any event, the existing Administrative Record is adequate for the Court to conduct the limited review this Court may conduct under the APA, id. at 3-4.

## II.  LEGAL ANALYSIS

As the defendant notes, the plaintiff is not challenging (nor could he) the Superintendent of the Academy's authority to issue instructions for the governance of the Academy, including his authority to execute and approve Instruction 5240.24E,  Def.'s Surreply at 3; see also Pl.'s Response Surreply at 3, as the Superintendent is granted authority pursuant to 10 U.S.C. 6951a to govern the Naval Academy.  The Navy's internal regulations further provide that "[r]esponsible officials of the Department of the Navy may issue . . . directives concerning matters over which they exercise command, control[,] or supervision . . . ."  Def.'s Surreply, Ex. 1 (Statutory Authority for United States Navy Regulations, Section One, Chapter One).   In accordance with this statutory and regulatory authority, Navy Instruction 5215.1C provides that all Naval officials, other than members of the Marine Corps, shall ensure "that [their] administrative issuances . . . are issued within or incorporated into the [Navy Directives] system, to the maximum practical extent."  Def.'s Surreply, Ex. 2 (Secretary of the Navy Instruction 5215.1C).   Thus, the Superintendent acts within his authority when he issues directives concerning matters under his control.  See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).

The APA, pursuant to 5 U.S.C. § 706(2)(A) (2001), limits the scope of this Court's review

4

of a decision by the Department of the Navy to an assessment of whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Citizens to Preserve Overton Park, Inc., 401 U.S. at 416. In conducting what must be a "searching and careful" but "narrow" analysis, "[t]he court is not empowered to substitute its judgment for that of the [Superintendent]." Id. at 416. Moreover, in conducting this review, the Court is mindful that "there is a presumption in favor of the validity of the administrative action." Bristol-Myers Squibb Co. v. Shalala, 923 F.Supp. 212, 216 (D.D.C. 1996). However, judicial review of agency action under the APA must be based on the full administrative record that was before the agency at the time the decision was made. 5 U.S.C. § 706 (in reviewing agency action under the APA "the court shall review the whole record or those parts of it cited by a party"); Citizens to Preserve Overton Park, 401 U.S. at 419-20; Nat'l Res. Def. Council, Inc. v. Train, 519 F.2d 287, 291 (D.C. Cir. 1975). It is therefore improper for a district court to review only a "partial and truncated [administrative] record." Train, 519 F.3d. at 291. "The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." Holy Land Foundation for Relief and Development v. Ashcroft 219 F. Supp. 2d 57, 65 (D.D.C. 2002) (quoting Thompson v. Dep't of Labor, 885 F.2d 551, 555 (9th Cir.1989)); see, e.g., Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993). "Allowing administrative agencies to preclude judicial access to materials relied upon by an agency in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review." Smith v. FTC, 403 F.Supp. 1000, 1008 (D. Del. 1975); see also Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 791-93 (D.C. Cir.1984).

There is also a presumption that the administrative agency has properly designated the

administrative record, <u>Amfac Resorts, L.L.C. v. Dep't of Interior</u>, 143 F.Supp.2d. 7, 12 (D.D.C. 2001) (citing <u>Bar MK Ranches</u>, 994 F.2d at 739), and "judicial review is ordinarily confined to the administrative record," <u>id.</u> at 11 (citations and internal quotation marks omitted). However, a party can establish that the administrative record is incomplete and thus extra-record evidence should be reviewed by the Court if, <u>inter</u> <u>alia</u>, "the agency may have 'deliberately or negligently excluded documents [or other evidence] that may have been adverse to its decision,'" <u>id.</u> at 11-12 (citations omitted).

At the outset, this Court finds no merit in the plaintiff's proposition that the administrative record is incomplete because it does not include a transcript or the tape recording of the administrative proceeding for several reasons. First, the plaintiff is correct that Article II, Section A, Paragraph 2B of the United States Naval Academy Instruction ("USNAINST") 5420.24E provides that "an officer appointed by the Academic Dean and Provost . . ." will "record all open sessions of the Board while midshipmen are present in the Board Room," and "[r]etain the recordings for 5 years." Pl.'s Reply, Ex. 2 (USNAINST 5420.24E, art. II(A)(2)(b)) at 3-4. However, this policy and procedure, dated December 5, 1996, was revised by an order issued by the Superintendent of the Academy on March 3, 2004, which approved the Executive Assistant's recommendation to no longer require the taping of Academic Board proceedings. Def.'s Opp'n, Ex. A (Recommendation Memorandum from Executive Assistant, Academic Dean and Provost to Rodney Rempt, Superintendent of the United States Naval Academy dated February 9, 2004) ("Recommendation Memorandum"). Specifically, on February 9, 2004, the Executive Assistant to the Academic Dean and Provost recommended that "the Academic Board no longer require the open sessions to be taped and that all instructions be captured and archived for future reference using

6

MIDS [the Midshipment Information Database System]."[3]  Id.   Then, on March 3, 2004, Superintendent Rempt approved this recommendation, with the comment, "[e]nsure MIDS records any board actions and/or guidance."  Id.  Since the plaintiff's Academic Board proceedings occurred on April 27, 2004, after the Superintendent's approval of the modified process for preserving Academic Board proceedings,  there was no requirement that the plaintiff's proceedings be tape recorded. Def.'s Opp'n at 2-3 and Ex. A (Recommendation Memorandum).   Therefore, a taped recording of the administrative proceeding is not available, Def.'s Opp'n at 3; Def.'s Surreply at 2, but, "[t]he MIDS info[rmation] prepared for the April 2004 Academic Board" proceeding has been included in the Administrative Record at pages "79-86, 102-03, 181-88, and 204-05," Def.'s Opp'n at 3.

       To determine whether a party has made a "strong showing" that a record is incomplete, it is necessary to comprehend what constitutes the "whole record." 5 U.S.C. § 706.  At bottom, a complete administrative record should include all materials that "might have influenced the agency's decision," and not merely those on which the agency relied in its final decision.  See Bethlehem Steel v. EPA, 638 F.2d 994, 1000 (7th Cir.1980); see also Bar MK Ranches, 994 F.2d at 739 ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency."); Novartis Pharmaceuticals v. Shalala, 2000 WL 1769589, *2 (D.D.C. 2000); Miami Nation of Indians of Indiana v. Babbitt, 979 F. Supp. 771, 775 (N.D. Ind. 1996); Lloyd v. Illinois Reg'l Transp. Auth., 548 F.Supp. 575, 590 (N.D. Ill. 1982); Tenneco Oil Co. v. Dep't. of Energy, 475 F.Supp. 299, 317 (D. Del. 1979).  Here, the plaintiff has not identified any documents,

---

[3] The record does not specifically define what is the Midshipment Information Database System. However, it appears to be a system that records and archives any action taken by the Academic Board. Def.'s Opp'n., Ex. A (Recommendation Memorandum).

witness testimony, or oral presentation of facts that were presented at the hearing but excluded from the administrative record submitted to the Court.[4]  Instead, the plaintiff contends that because a tape recording or transcript of his administrative proceeding is not available, this Court should find the administrative record incomplete and remand this matter to the agency with instructions for the Academic Board to be reconvened so that the proceeding can be recorded.  However, the plaintiff has not cited, and this Court has not found, any legal authority supporting the proposition that an

---

[4] If the plaintiff can identify any documents, witness testimony, or presentation of the facts that were before the Academic Board but excluded from the administrative record, the Court will provide the plaintiff the opportunity to resubmit this motion.  The plaintiff does assert that the record before the Board did not include (1) an award the plaintiff received while at the Academy, Administrative Record ("A.R.") at 279; (2) a midshipman company achievement certificate, A.R. 281; (3) his medical record; (4) a three-page report documenting his successful completion of the Aptitude Remediation Program, A.R. 362-364; and (5) a highly favorable letter from his sponsor to the Academic Board, A.R. 295-96. Pl.'s Mot. at 6.  The plaintiff contends that "[t]he omission of these documents not only prevented the Board from conducting the requisite 'complete record review' and 'whole-person evaluation,' but it prejudiced [the] plaintiff by making his record before the Board appear substantially worse than it actually was." Id.  To ensure fair review of an agency decision, "a reviewing court 'should have before it neither more or less information than did the agency when it made its decision.'" Pacific Shores Subdivision California Water District v. United States Army Corps of Engineers, 448 F. Supp. 2d 1 (D.D.C. 2006) (citing Fund for Animals v. Williams, 391 F. Supp. 2d 191, 196 (D.D.C. 2005) (quoting IMS P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997)).  "Supplementation of the administrative record is the exception, not the rule." Pacific Shores Subdivision California Water District, 448 F. Supp. 2d at 5(quoting Motor & Equip. Mfrs. Ass'n Inc., v. EPA, 627 F.2d 1095, 1105 (D.C. Cir. 1979).  When a party is requesting that the court supplement the record, "the moving party must rebut the presumption of administrative regularity and show that the documents to be included were before the agency decisionmakers." Pacific Shores Subdivision California Water District, 448 F. Supp. 2d at 6.  Here, except the plaintiff's medical records, the administrative record filed by the defendant with the Court includes the aforementioned documents that are being challenged by the plaintiff.  Therefore, as to the documents included with the administrative record, the Court cannot imagine what remedy the plaintiff is seeking from the Court.  Regarding the plaintiff's medical records, "[c]onsideration of extra-record information is appropriate when simply reviewing the administrative record is not enough to resolve the case." Pacific Shores Subdivision California Water District, 448 F. Supp. 2d at 6 (citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989).  Extra record evidence consists of "evidence outside of or in addition to the administrative record" that was not necessarily considered by the agency. Id. at 5 (emphasis in original).  Here, the plaintiff cannot demonstrate that medical records fall under one of the recognized exceptions to the general prohibition against extra-record review.  See Funds for Animals, 391 F. Supp. 2d at 196 (citing Esch, 876 F.2d at 991 (D.C. Cir. 1989) (identifying the eight exceptions)).  Thus, upon review of the administrative record, the Court finds that the administrative record is complete and supplementing it with documents that were not before the Academic Board, such as the plaintiff's medical records, is not warranted.

administrative record is incomplete because it does not include a tape recording of the administrative proceeding when a recording was not produced and therefore is not available.

Second, although the plaintiff asserts that "the Superintendent never took the step required to effect a change in the governing instruction" by failing to utilize a change transmittal, Pl.'s Reply at 1, the plaintiff has not demonstrated that this omission precludes the implementation of the modification. Here, the Superintendent is provided authority pursuant to 10 U.S.C. 6951a to govern the Naval Academy. The Navy's regulations further provide that "[r]esponsible officials of the Department of the Navy may issue . . . directives concerning matters over which they exercise command, control[,] or supervision . . . ." Def.'s Surreply, Ex. 1 (Statutory Authority for United States Navy Regulations, Section One, Chapter One). In accordance with this statutory and regulatory authority, Navy Instruction 5215.1C provides that each responsible official shall ensure "that his administrative issuances . . . are issued within or incorporated into the [Navy Directives] system, to the maximum practical extent." Def.'s Surreply, Ex. 2 (Secretary of the Navy Instruction 5215.1C). Although a change transmittal is defined "[a]s the medium used to transmit changes to an instruction or, under extenuating circumstances, a notice," it is not designated as the only medium that may be employed to modify an instruction. Pl.'s Response Surreply, Ex. 2 (Secretary of the Navy Instruction 5215.1C, Part I, p. 1). And, the plaintiff has not cited, and the Court has not found, any legal or statutory authority suggesting that if a change transmittal is not used by the Superintendent as the medium to modify an instruction the modification cannot take effect. In addition, while a court may require that an administrative record be supplemented "where there is a 'strong showing of bad faith or improper behavior' on the part of the agency," AMFAC Resorts, 143 F. Supp. 2d at 11-12 (citing Citizens to Pres. Overton Park v. Volpe, 401 U.S. 402, 420 (1971));

see also James Madison Ltd, Inc. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citing Overton

Park, 401 U.S. at 420), the plaintiff has not made such a showing by the Academy.  Indeed, on

Februrary 9, 2004, the Executive Assistant to the Academic Dean and Provost recommended, the

elimination of the requirement that Academic Board proceedings be recorded and the Superintendent

approved the modification of the  USNAINST 5420.24E, art. II(A)(2)(b) on March 3, 2004,

approximately a month before the plaintiff's hearing was conducted.  And, because the record is

devoid of anything suggesting that the defendant engaged in bad faith or improper behavior in

eliminating the recording requirement, the absence of a recording (or transcript) cannot be the basis

for ordering supplementation of the administrative record.

Finally, although the administrative proceeding was not recorded, the defendant has certified

that the administrative record on file is "a true and accurate copy of the administrative file of the U.S.

Naval Academy Academic Board records in the case of former Midshipman First Class Matthew K.

Stainback." See Docket Entry Number 11, Administrative Record, Ex. 1 (Certification signed by

H. H. Dronberger on September 12, 2006); Def.'s Opp'n, Ex. A (Certification of Supplement of the

Administrative Record  signed by H. H. Dronberger on December 1, 2006) .  These certifications are

entitled to "a presumption of administrative regularity and good faith," FTC v. Invention Submission

Corp., 965 F.2d 1086, 1091 (D.C. Cir. 1992),  and the plaintiff has failed to overcome this

presumption.

### III.  Conclusion

For the reasons set forth above, the plaintiff's Motion to Supplement the Administrative

Record must be Denied. [5]


**SO ORDERED.**

                                        /s/_____
                                        Reggie B. Walton
                                        United States District Judge

---

[5] An order consistent with the Court's rulings in this Memorandum Opinion has been issued with this opinion.