UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW K. STAINBACK, )
)
        *Plaintiff,* )
)
v. ) Civil Action No. 1:06cv00856 (RBW)
)
DONALD C. WINTER )
SECRETARY OF THE NAVY, )
)
        *Defendant.* ) Judge Walton

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Plaintiff entered the Academy in 2000. A.R. 3. By the Spring of 2004, he had completed all four years of coursework and, aside from three final examinations, had satisfied all of the requirements for graduation. A.R. 2-103, 104-205; Pl. Decl. at 1, ¶ 2.

2. In the Spring of 2003, plaintiff had been placed in an aptitude remediation program ("ARP") due to alleged shortcomings. A.R. 2. His retention at the Academy was conditioned on successful completion of the ARP. *Id*; Pl. Decl. at 1, ¶ 3.

3. Plaintiff successfully completed the ARP in January 2004. A.R. 362-64; Pl. Decl. at 1, ¶ 3.

4. On April 27, 2004, less than one month before plaintiff's scheduled graduation and commissioning as an Ensign, the Academy's Academic Board voted,

over his objection, that he "possessed insufficient aptitude to become a commissioned officer in the naval service." A.R. 221-25; Pl. Decl. at 1-2, ¶ 4.

5. The Academic Board was initiated due to plaintiff's alleged "aptitude remediation failure." A.R. 2-3.

6. The Academic Board was improperly constituted because the Dean of Admissions failed to serve as Secretary of the Academic Board, as required by USNAINST 5420.24E, art. II, a binding regulation. A.R. 113; Pl. Decl. at 2, ¶ 5.

7. The Academic Board was never provided plaintiff's complete record, including documentation of his successful completion of the ARP and other documentation from his academic, aptitude, and medical records. A.R. 2-103, 104-205, 273-298, 387-422, 428-30; Pl. Decl. at 2-6, ¶¶ 6-14.

8. Plaintiff retained counsel to prepare for the Aptitude Board. A.R. 308.

9. On May 10, 2004, Vice Admiral Rodney P. Rempt, the Superintendent of the Academy, prepared a report recommending plaintiff's disenrollment. A.R. 221-25, 232; 373-80.

10. Before forwarding his report to defendant, Admiral Rempt provided plaintiff with notice and an opportunity to respond, as required by 10 U.S.C. § 6962 and USNAINST 5420.24E, art. I (C). A.R. 221, 232, 373, 380.

11. Plaintiff prepared substantial matters in response, challenging both the underlying Academic Board and Admiral Rempt's May 10, 2004 report. Plaintiff pointed out that, among other things, the Academy failed to present plaintiff's complete record to the Board. A.R. 273-98; 306-41; 361-64, 419; Pl. Decl. at 6-7, ¶¶ 16-

17. He asked the Academy to set aside the findings of the Academic Board and reconvene a Board with a complete copy of his record. A.R. 311.

12. The Academy denied this request without explanation. Pl. Decl. at 6-7, ¶ 16.

13. Instead of forwarding his May 10, 2004 report and plaintiff's response to defendant, Admiral Rempt prepared a supplemental report dated July 26, 2004, A.R. 371, and attached a highly critical endorsement from his staff judge advocate ("SJA") which addressed plaintiff's response to the May 10, 2004 report and outlined new, adverse information against him. A.R. 365-70, 424-26; Pl. Decl. at 7, ¶¶ 18-19.

14. Neither Admiral Rempt's July 26, 2004 supplemental report nor the SJA's endorsement were provided to plaintiff for comment. A.R. 440-41. Instead, they were provided to defendant without plaintiff's knowledge. *Id.*; Pl. Decl. at 6-7, ¶¶ 18, 20.

15. The new adverse information—*i.e.*, Admiral Rempt's July 26, 2004 supplemental report and his SJA's endorsement—included false and misleading assertions. Pl. Decl. at 7, ¶ 19. For example, the Academy asserted that information concerning plaintiff's remediation status was provided to and/or considered by the Academic Board—*when it was not*. Pl. Decl. at 7, ¶ 19; A.R. 2-103, 104-205. Plaintiff's remediation officer prepared a report which detailed plaintiff's performance and found that he successfully completed the ARP. A.R. 362-64, 420-22. The Academy never provided a copy of that report to plaintiff prior to the Board and it was

3

never mentioned during the course of the proceedings. A.R. 419; Pl. Decl. at 3, ¶ 9. It was also not included in the record of those proceedings. A.R. 2-103, 104-205; Pl. Decl. at 3, ¶ 9. The Academy never even notified the remediation officer that an Aptitude Board had been convened. A.R. 429; Pl. Decl. at 3, ¶ 9.

16. Not until after Admiral Rempt had submitted the new adverse information did plaintiff learn of its existence. His Academy sponsor, who had obtained a copy informally, gave him a copy. A.R. 419; Pl. Decl. at 7, ¶¶ 18, 20.

17. Plaintiff promptly prepared a response to the new adverse information, which was mailed to defendant on August 17, 2004. A.R. 428-30; Pl. Decl. at 8, ¶ 21.

18. Unbeknownst to plaintiff, an Assistant Secretary had already decided the case for the Secretary seven days earlier, on August 10, 2004. A.R. 427; Pl. Decl. at 8, ¶ 21.

19. The Assistant Secretary approved Admiral Rempt's recommendation that plaintiff be disenrolled. *Id.*

20. The Assistant Secretary's decision was two sentences long and failed to address any of the facts and issues presented in plaintiff's response to Admiral Rempt's May 10, 2004 report and recommendation. *Id.* It directed plaintiff to reimburse the United States over $122,000 in educational expenses. *Id.*

21. The Assistant Secretary decided the matter without considering plaintiff's response to Admiral Rempt's additional adverse matters, A.R. 428-30, 440-43, in violation of 10 U.S.C. § 6962 and USNAINST 5420.24E, art. I (C). A.R. 470.

22.    Plaintiff was disenrolled from the Academy and discharged from the Naval Service effective August 10, 2004, but did not learn of this until mid-September 2004. A.R. 436-39; Pl. Decl. at 8, ¶ 22.

23.    On October 11, 2004, plaintiff objected to the Assistant Secretary's disenrollment decision because it failed to (a) consider plaintiff's response to additional and adverse information and (b) address any of the facts and issues presented in plaintiff's response to Admiral Rempt's May 10, 2004 report. A.R. 440-44.

24.    On October 19, 2004, the Assistant Secretary stated that he considered—albeit after the fact—plaintiff's response to the additional adverse information and reaffirmed his disenrollment decision, but he did so without addressing any of the facts and issues plaintiff presented. A.R. 445.

Respectfully submitted,

*/s/ Matthew S. Freedus*

Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., 2d Floor
Washington, DC 20036
(202) 466-8960 tel
(202) 293-8103 fax

*Attorneys for Plaintiff*

August 21, 2008